IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| DANETTE MORRIS and ATIYAH ALI, on Behalf of Themselves and Others Similarly Situated,<br><br>Plaintiffs,<br><br>vs.<br><br>SAN ANTONIO COCO, INC. d/b/a COCO CHOCOLATE LOUNGE & BISTRO<br><br>Defendant. | § § § §<br>§ CIVIL ACTION NO. 5:13-cv-696-FB<br>§<br>§<br>§<br>§<br>§ JURY TRIAL DEMANDED<br>§<br>§<br>§<br>§ |

## PLAINTIFFS' FIRST AMENDED COLLECTIVE ACTION COMPLAINT

### SUMMARY

1. San Antonio Coco, Inc. d/b/a Coco Chocolate Lounge & Bistro and one of its owners, Frederic Lebourg (hereinafter collectively referred to as "Coco Lounge") failed to pay Danette Morris and Atiyah Ali (hereinafter collectively referred to as "Plaintiffs") and its other tipped employees appropriate minimum and overtime wages required by the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq.* Coco Lounge also made illegal deductions from its tipped employees' wages in violation of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq.* Accordingly, Plaintiffs bring this collective action to recover the unpaid wages and other damages owed to them and to other similarly situated workers.

### JURISDICTION AND VENUE

2. This Court has subject matter under 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

3. Venue is proper in the Western District of Texas – San Antonio Division because a substantial part of the acts and conduct charged herein occurred in this district.

### THE PARTIES

4.  Plaintiffs live in the Western District of Texas. Plaintiffs were employees of Coco Lounge within the past three years. Their written consents are attached hereto as Exhibits 1 and 2.

5.  The class of similarly situated employees consists of all tipped employees employed by Coco Lounge in the past three years. These similarly situated persons are referred to as "Members of the Class" or "the Class."

6.  San Antonio Coco, Inc. is a Texas corporation that, together with Frederic Lebourg, owns and operates Coco Chocolate Lounge & Bistro in San Antonio, Texas ("Coco Lounge"). Coco Lounge is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA because its annual gross volume of sales exceeds $500,000, and its employees (including Plaintiffs and all other members of the Class) handle and sell goods that have been moved in or been produced for commerce such as food items and beverages. 29 U.S.C. § 203(s)(1). Coco Lounge may be served through its attorney of record, Justin Coquat.

7.  Frederic Lebourg is an individual residing in this District. Mr. Lebourg, together with San Antonio Coco, Inc., owns and/or operates Coco Chocolate Lounge & Bistro in San Antonio, Texas ("Coco Lounge"). Mr. Lebourg, together with San Antonio Coco, Inc., was Plaintiffs' "employer" as that term is defined by the FLSA. Mr. Lebourg possessed the power to hire and fire employees, supervised and controlled employee work schedules or conditions of employment, determined the rate and method of payment, and maintained employment records.

As Plaintiffs' employer under the FLSA, Mr. Lebourg was responsible to comply with the minimum and overtime wage provisions of the Act, and is personally liable for Coco Lounge's wage violations. In this complaint, San Antonio Coco, Inc. and Frederic Lebourg are referred to collectively as "Coco Lounge." Mr. Lebourg may be served by agreement of the parties through his attorney, through its attorney of record, Justin Coquat. *See*, Exhibit 3.

### THE FACTS

8. Coco Lounge employed Plaintiffs and the other opt-in claimants (collectively "Plaintiffs") as members of the service staff, i.e. waitresses and/or bartenders.

9. Coco Lounge paid Plaintiffs a direct wage of $2.69 per hour, which is less than the federal minimum wage. Although Plaintiffs received tips from Coco Lounge's customers, Coco Lounge was (and is) not entitled to claim any tip credit because it cannot meet the requirements of Section 203(m). 29 U.S.C. § 203(m). For example, Coco Lounge required Plaintiffs and all other tipped employees to give up a portion of their tips to employees who do not customarily and regularly receive tips such as an independent cleaning crew, the General Manager, and others. Coco Lounge also made improper deductions from Plaintiffs' wages for breakage. Therefore, Coco Lounge violated the tip credit requirements of Section 3(m) and the minimum wage provisions of the FLSA.

10. Coco Lounge also failed to pay Plaintiffs overtime wages at the correct rate of one and half times their regular rate of pay when they worked more than forty (40) in a workweek. Specifically, Coco Lounge paid Plaintiffs at a rate of $4.04 per hour for all overtime hours worked. Therefore, Coco Lounge violated the overtime wage requirements of the FLSA.

### COLLECTIVE ACTION ALLEGATIONS

11. Coco Lounge employed other tipped employees besides Plaintiffs.

12.     The other tipped employees at Coco Lounge performed job duties similar to those performed by Plaintiffs, such as serving food and drink to customers.

13.     Like Plaintiffs, Coco Lounge paid these workers less than the minimum wage and made improper deductions from their wages. Therefore, Coco Lounge is not entitled to a tip credit for any of these workers.

14.     Like Plaintiffs, Coco Lounge made improper deductions from the hourly employees' wages for breakage and failed to pay them appropriate overtime wages.

15.     Like Plaintiffs, these similarly situated workers are entitled to recover their unpaid minimum and overtime wages. Therefore, notice is appropriately sent to:

> "All tipped employees employed at Coco Lounge during the period August 1, 2010 to the present."

### CAUSES OF ACTION

16.     Plaintiffs incorporate the allegations in the preceding paragraphs.

17.     Coco Lounge's practice of failing to pay Plaintiffs appropriate minimum and overtime wages to its tipped employees and making improper deductions from their wages violated the FLSA. Accordingly, Plaintiffs and the Members of the Class are entitled to the minimum wage for each hour worked, plus overtime wages at time and half their regular rate of pay, as well as a return of all tips Plaintiffs and the Members of the Class paid and/or contributed to Coco Lounge's illegal tip pool.

18.     Additionally, Plaintiffs and all those similarly situated are entitled to an amount equal to all of their unpaid wages as liquidated damages, as well as reasonable attorneys' fees and costs of this action.  29 U.S.C. § 216(b).

### JURY DEMAND

19.     Plaintiffs hereby demand a trial by jury.

### PRAYER

Plaintiffs respectfully request that judgment be entered against Coco Lounge, awarding them and all similarly situated employees:

a.   the difference between the amount paid by Coco Lounge and the full statutory minimum wage for each hour worked;

b.   overtime wages calculated at one and a half the regular rate of pay for all hours worked in excess of forty (40) in a workweek;

c.   a return/forfeiture of all tips paid by Plaintiffs and the Members of the Class or improperly retained by Coco Lounge;

d.   an equal amount as liquidated damages;

e.   reasonable attorneys' fees, costs, and expenses of this action; and

f.   such other and further relief as may be required by law.

                                        Respectfully submitted,

                           By:     /s/Robert R. Debes, Jr.
                                        Robert R. Debes, Jr.
                                        State Bar No. 05626150

### ATTORNEYS FOR PLAINTIFFS

OF COUNSEL:
SHELLIST | LAZARZ|SLOBIN LLP
11 Greenway Plaza, Suite 1515
Houston, Texas 77046
Telephone: (713) 621-2277
Facsimile: (713) 621-0993

## **CERTIFICATE OF SERVICE**

      I served a true and correct copy of this document on all counsel of record via Notice of Electronic Filing on known Filing Users on January 7, 2014 as follows:

Justin A. Coquat, J.D.
The Coquat Law Firm, P.C.
21970 Bulverde Rd., Suite 103
San Antonio, Texas 78259
(*via* ECF notification)

                                            */s/ Robert R. Debes, Jr.*
                                            _____
                                            Robert R. Debes, Jr.